

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CUTBERTO ROMERO,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*

      Plaintiff,

      v.

J.P.G. LLC    d/b/a PHILIP MARIE,
WESTWARD GALLERY & CAFE, INC.
          d/b/a BAMBOO 52,
PEACEFUL ENTERPRISE CORP.
          d/b/a 123 BURGER SHOT BEER,
MORNINGSIDE TERRACE CORP
          d/b/a K RICO,
and JOHN P. GRECO, III,

      Defendants.

---

Case No.:

CLASS AND COLLECTIVE
ACTION COMPLAINT

Jury Trial Demanded

    Plaintiff, CUTBERTO ROMERO ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, J.P.G. LLC d/b/a PHILIP MARIE, WESTWARD GALLERY & CAFE, INC. d/b/a BAMBOO 52, PEACEFUL ENTERPRISE CORP. d/b/a 123 BURGER SHOT BEER, MORNINGSIDE TERRACE CORP d/b/a K

RICO (collectively, "Corporate Defendants") and JOHN P. GRECO, III ("Individual Defendant," and together with Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime compensation, (2) unpaid minimum wages, (3) liquidated damages and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid overtime compensation, (2) unpaid minimum wages, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff, CUTBERTO ROMERO, is a resident of Queens County, New York.

6.      Corporate Defendants:

(a)      J.P.G. LLC d/b/a PHILIP MARIE is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 569 Hudson Street, New York, New York 10014.

(b)     WESTWARD GALLERY & CAFE, INC. d/b/a BAMBOO 52 is a domestic business corporation organized under the laws of the State of New York, with a principle place of business located at 344 West 52nd Street, New York, New York 10019 and an address for service of process located at c/o George Karp, Esq., 299 Broadway, New York, New York 10007.

(c)     PEACEFUL ENTERPRISE CORP. d/b/a 123 BURGER SHOT BEER is a domestic business corporation organized under the laws of the State of New York, with a principle place of business located at 738 10th Avenue, New York, New York 10019 and an address for service of process located at c/o George Karp, Esq., 299 Broadway, New York, New York 10007.

(d)     MORNINGSIDE TERRACE CORP d/b/a K RICO is a domestic business corporation organized under the laws of the State of New York, with a principle place of business located at 772 9th Avenue, New York, New York 10019 and an address for service of process located at c/o George Karp, Esq., P.O. Box 778 Street, New York, New York 10108.

7.     Individual Defendant:

(a)     JOHN P. GRECO, III is the founder, owner and chief executive officer of all Corporate Defendants and the executive chef all Greco Restaurants owned and operated by Defendants. GRECO exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. GRECO had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complaint to GRECO

directly regarding any of the terms of their employment, and GRECO would have the authority to effect any changes to the quality and terms of employee's employment, including changing their schedule, compensation, or terminating or hiring such employees.

(b)    JOHN P. GRECO, III also had the power and authority to fire and hire, determine rate and method of pay, determine work schedules, and control conditions of employment of managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and Class members. Further, GRECO exercised functional control over the business and financial operations of all Corporate Defendants and ensured that restaurants are operating efficiently and profitably.

8.    Defendants own and operate an enterprise comprised of four restaurants with names and addresses as follows:

(a)    Philip Marie – 569 Hudson Street, New York, New York 10014;

(b)    Bamboo 52 – 344 West 52nd Street, New York, New York 10019;

(c)    123 Burger Shot Beer – 738 10th Avenue, New York, New York 10019; and

(d)    K Rico – 772 9th Avenue, New York, New York 10019

(collectively, "Greco Restaurants"). Greco Restaurants operate as a single integrated enterprise. Specifically, Greco Restaurants are engaged in related activities, share common ownership and have a common business purpose. Greco Restaurants are commonly owned by Individual Defendant and executive chef John P. Greco, III, and referred to as "sister restaurants" by Defendants. Employees of Defendants are interchangeable among Greco Restaurants on an as-needed basis. Defendants implement the same employment policies and practices across all Greco Restaurants.

9.     At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

10.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including cooks, food preparers, dishwashers, bartenders, waiters, bussers and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be

provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including cooks, food preparers, dishwashers, bartenders, waiters, bussers and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same

corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation, (ii) failing to pay minimum wage, (iii) failing to pay spread of hours, (iv) failing to provide proper wage statements per requirements of the New York Labor Law, and (v) failing to provide proper wage and hour notices to Class members, at date of hiring and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important

public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

(b)     What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c)     Whether Defendants improperly paid Plaintiff and Class members on a fixed salary basis, when New York State law requires that all non-exempt employees be paid on an hourly basis;

(d)     At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

(e)     Whether Defendants properly notified Plaintiff and the Class members of their regular hourly rate and overtime rate;

(f)     Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the federal and state law;

(g)     Whether Defendants properly paid Plaintiff and Class members the federal and state minimum wage for all hours worked;

(h)     Whether Defendants paid Plaintiff and Class members the spread of hours premium as required by the New York Labor Law;

(i)     Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law; and

(j)     Whether Defendants provided proper wage and hour notices Plaintiff and Class members, at date of hiring and annually, per requirements of the New York Labor Law.

## STATEMENT OF FACTS

22.     From on or around March 1, 2006 until in or about August 2014, Plaintiff was hired by Defendants to work as a food preparer, dishwasher and delivery person at Defendants' "Philip Marie" restaurant located at 569 Hudson Street, New York, New York

10014. Although Plaintiff's official title was food preparer, his job duties also included cooking, washing dishes, delivering food and cleaning the restaurant.

23.     While Plaintiff's permanent work location was Philip Marie, during 2014 he was also periodically sent to work at Defendants' other Greco Restaurant locations, including "Bamboo 52" located at 344 West 52nd Street, New York, New York 10019 and "K Rico" located at 772 9th Avenue, New York, New York 10019. All non-exempt employees of Defendants were interchangeable among Greco Restaurants as needed.

24.     From the the beginning of his employment with Defendants until 2010, Plaintiff regularly worked 76 hours per week with a regular work schedule of 7:00 a.m. to 9:00 p.m. for 2 days per week and 9:00 a.m. to 9:00 p.m. for 4 days per week. From 2011 until the end of his employment with Defendants, Plaintiff regularly worked 64 hours per week with a regular work schedule of 7:00 a.m. to 7:00 p.m. for 2 days per week and 9:00 a.m. to 7:00 p.m. for 4 days per week. Plaintiff was required to work without any lunch break on a daily basis. Plaintiff was not required to clock in or out.

25.     Throughout his employment with Defendants, he was compensated on a fixed-salary basis. However, there was never any understanding that the fixed weekly salary was intended to cover any overtime hours worked by Plaintiff.

26.     From the beginning of his employment until in or about November 2011, Plaintiff was paid a fixed salary of $320 per week. During such time period, Defendants paid Plainitff in cash and failed to provide Plaintiff with any wage statements.

27.     Since December 2011, Defendants paid Plaintiff in check. From in or about December 2011 until in or about December 2012, Plaintiff was paid a fixed salary of $515 per week. From in or about January 2013 until in or about April 2014, Plaintiff was generally paid

a fixed salary of $526. During certain time periods in 2013 (i.e. from mid-January 2013 until the end of February 2013 and from mid-August 2013 until mid-September 2013), Plaintiff was paid a fixed salary of $435, while his work schedule remained the same. From in or about April 2014 until the end of his employment with Defendants, Plaintiff was paid a fixed salary of $566.

28.     Other non-exempt employees of Defendants at Greco Restaurants worked similar hours and were similarly paid on a fixed salary basis without any agreement that the salary would cover the overtime hours they worked.

29.     At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty hours per week, but Defendants failed to pay them any overtime compensation in violation of the FLSA and NYLL.

30.     At all times relevant, Defendants paid Plaintiff, FLSA Collective Plaintiffs and Class members a fixed salary, which at times amounted to regular rates below the prevailing statutory minimum wage under the FLSA and NYLL.

31.     At all times relevant, the workdays of Plaintiff and Class members regularly exceeded ten hours per day. However, Defendants failed to pay Plaintiff and Class members the spread of hours premium as required by NYLL.

32.     Defendants willfully violated Plaintiff and Class members' rights by paying them on a fixed salary basis in violation of NYLL because Plaintiff and Class members are non-exempt employees who must be paid on an hourly basis.

33.     At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage and hour notices or wage statements as required by NYLL. During the relevant period, Defendants paid Plaintiff and Class members in cash and failed to

provide them with any paystubs. Even when Defendants started providing Plaintiff and Class members with paystubs, the paystubs failed to reflect the hours worked or hourly rate.

34.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty hours per week.

35.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff, FLSA Collective Plaintiffs and Class members.

36.     Defendants knowingly and willfully operated their business with a policy of not paying the spread of hour premium to Plaintiff and Class members.

37.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

38.     Plaintiff realleges and reavers Paragraphs 1 through 37 of this class and collective action Complaint as if fully set forth herein.

39.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

41.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

42.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

43.     At certain times during the relevent period, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked.

44.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

45.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

46.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

47.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum and overtime wages, plus an equal amount as liquidated damages.

48.     Plaintiff is in possession of certain records concerning the wages paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain such records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

49.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

50.     Plaintiff realleges and reavers Paragraphs 1 through 49 of this class and collective action Complaint as if fully set forth herein.

51.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

52.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

53.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

54.     Defendants failed to properly notify Plaintiff and Class members of their regular hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

55.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay the spread of hours premium required by the New York Labor Law.

56.     Defendants failed to provide proper wage and hour notices, at the date of hiring and annually thereafter, to Plaintiff and Class members, as required by New York Labor Law § 195(1).

57.     Defendants failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by New York Lab. Law § 195(3).

58.     Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage, unpaid spread of hours, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.     An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.     An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid spread of hours due under the New York Labor Law;

f. An award of statutory penalties as a result of Defendants' failure to comply with the New York Labor Law wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to the FLSA;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to the New York Labor Law;

i. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k. Designation of this action as a class action pursuant to F.R.C.P. 23;

l. Designation of Plaintiff as Representative of the Class; and

m. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:   April 14, 2015                    Respectfully submitted,

                                           LEE LITIGATION GROUP, PLLC
                                           C.K. Lee (CL 4086)
                                           Anne Seelig (AS 3976)
                                           30 East 39th Street, Second Floor
                                           New York, NY 10016
                                           Tel.: 212-465-1188
                                           Fax: 212-465-1181
                                           *Attorneys for Plaintiff, FLSA Collective Plaintiffs*
                                           *and the Class*

                            By:            _____
                                           C.K. Lee, Esq. (CL 4086)